# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL,     ) | |
| )   | |
| Plaintiff,   ) | |
| )   | |
| v.                              ) | No. 4:20-cv-01904-SEP |
| )   | |
| CO1, et al.,                    ) | |
| )   | |
| Defendants.  ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of Plaintiff Joseph Michael Devon Engel's self-represented complaint. For the reasons discussed below, the Court will order Plaintiff to file a signed, amended complaint on a Court-provided form. Plaintiff will also be directed to either file a motion to proceed in forma pauperis or pay the full $400 filing fee. Plaintiff will have twenty-one (21) days to comply with this Memorandum and Order.

**Complaint**

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on December 11, 2020. Plaintiff's handwritten complaint is not on a Court-provided form. Plaintiff brings this action against forty (40) defendants in their individual and official capacities: Correctional Officer 1; Sergeant; Corporal; Major; Caseworker; CCA; IPO ERDCC Supervisor; P&P; Superintendent; Warden; Assistant Director; Assistant Director of the P&P; Missouri Department of Corrections (MODOC); Assistant Attorney General; Senator of Missouri; Corizon Health Care; Corizon Doctor; Superintendent of Corizon; Corizon ERDCC; Corizon Nurse Practitioner; Corizon LPN; Correctional Officer 2; Lieutenant; Captain; Caseworker; Functional Unit Manager; IPO ERDCC; P&P Director; Assistant Superintendent; Assistant Warden; ERDCC; Director; Director of P&P; Attorney General; Representative from the House in Missouri; Senator in Missouri; Corizon Director; Corizon Assistant Director; Corizon Assistant Superintendent; Corizon Supervisor; Corizon Nurse; and Corizon Medical Technicians.

Plaintiff's allegations are, in full:

This is in regards to the here [and] now. Medical has refused to treat me since August 13, 2020. Now it's 11-28-2020 8 a.m. [I] can't get any medical help

> insides fell like on fire. Breath [and] shit smells like a septic tank. Shit, blood, puke & clear liquids, can't hold anything down sweats, uncontrollable shakes, hot and cold flashes. This has been going off [and] on no help. Then since 2003 I have been on snack bags blood sugar checks and metformin off on the meds and they deny all of it now when my blood sugars are out of whack.

Plaintiff does not identify who purportedly violated his rights, how his rights were allegedly violated, or why he believes he is entitled to damages in this action. For relief, he seeks compensatory and apparently punitive damages.

Plaintiff Engel did not file his complaint on a Court-provided form. He also has not filed a motion to proceed in forma pauperis on a separate Court-provided form or an accompanying prison account statement.

## Discussion

Plaintiff's complaint is deficient as pleaded. First, Plaintiff has not stated a claim upon which relief can be granted. Second, the complaint is not on a Court-provided form as required by Local Rule 2.06(A). The complaint is subject to dismissal for these reasons, but the Court will allow Plaintiff the opportunity to remedy these deficiencies in an amended complaint according to the instructions below.

*Pleading deficiencies*

Liability under 42 U.S.C. § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where the plaintiff fails to allege that the defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, Plaintiff has not set forth any facts indicating that any of the named Defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

*Instructions for amendment*

Because Plaintiff is self-represented, the Court will give him the opportunity to file a signed, amended complaint to set forth his own claims for relief. Plaintiff must put his case number on his amended complaint. Plaintiff should type or neatly print his complaint on the Court's prisoner civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A)

("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable."). In the "Caption" section of the Court-provided form, Plaintiff should clearly name each and every party he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").

In the "Statement of Claim" section, Plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, Plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If Plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

It is important that Plaintiff establish the responsibility of each separate defendant for harming him. That is, for each defendant, Plaintiff must allege facts showing how *that particular defendant's* acts or omissions violated his constitutional rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."). It is not enough for Plaintiff to make general allegations against all defendants as a group. Rather, Plaintiff needs to provide the role of each named defendant in this case, such that each specific defendant can know what he or she is accused of doing. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim") (internal quotations and citation omitted). The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. Claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). If Plaintiff fails to file an amended complaint on a Court-provided form within twenty-one (21) days in accordance with the

3

instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

*Filing fee*

Finally, Plaintiff has neither paid the $400 filing fee nor sought leave to proceed without the prepayment of fees or costs.  If Plaintiff files a motion to proceed in forma pauperis, it must be accompanied by a certified copy of his inmate account statement for the six-month period immediately preceding the filing of the complaint.  Also, if Plaintiff files such a motion, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915.  Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant.  If Plaintiff fails to pay the filing fee or file an application to proceed without prepayment, within twenty-one (21) days, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail to Plaintiff a copy of the Court's "Prisoner Civil Rights Complaint" form.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to Plaintiff a copy of the Court's motion to proceed in forma pauperis form.

**IT IS FURTHER ORDERED** that Plaintiff must file an amended complaint on the Court's form within **twenty-one (21) days** of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff must either pay the $400 filing fee or file a motion to proceed in forma pauperis within **twenty-one (21) days** of the date of this Order.

**IT IS FINALLY ORDERED** that if Plaintiff files a motion to proceed in forma pauperis, he must also file a certified copy of his inmate account statement for the six-month period preceding the filing of the complaint.

**If Plaintiff fails to timely comply with this order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 15th day of January, 2021.

                                      */s/ Sarah E. Pitlyk*
                                      SARAH E. PITLYK
                                      UNITED STATES DISTRICT JUDGE